

# In the Court of Criminal Appeals of Texas

No. WR-94,796-01

EX PARTE CALVIN TRUVAUGHN POWELL,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. 1198204-A
In the 185th District Court
Harris County

YEARY, J., filed a dissenting opinion in which KELLER, P.J., joined.

In January of 2009, Gerald Goines, then a Houston Police Department narcotics officer, purportedly provided cash to a confidential informant who purchased cocaine from Applicant at Applicant's apartment. Based on an affidavit from Goines including these allegations, a magistrate issued a warrant to arrest Applicant and

search his apartment for illegal drugs. The warrant was executed at Applicant's apartment, and he was found by Goines and other narcotics officers to be in possession of cocaine.[1]

In November of 2009, Applicant pled guilty to the offense of possession of a controlled substance, cocaine, with intent to deliver, and he was sentenced to five years' imprisonment. *See* TEX. HEALTH & SAFETY CODE § 481.112(d) (establishing knowing possession of between four and 200 grams of a penalty group one controlled substance with intent to deliver as a first-degree felony). More than nine years after Applicant's plea, in March of 2019, the Harris County District Attorney sent a letter to Applicant. This letter disclosed that Goines had been relieved from duty and was under criminal investigation.

Applicant subsequently filed an initial application for a writ of habeas corpus in November of 2022. In an amended application, Applicant raises a single ground for relief: "The Applicant was denied due process where false evidence was used by the State to induce his guilty plea." In an accompanying unsworn declaration, Applicant asserts that, had he "been told that [he] could have proven that Goines used false statements in obtaining the warrant, and that his false statements might have resulted in the drugs being excluded through a motion to suppress," he would have sought to suppress the evidence rather than plead guilty.

The convicting court recommends that we find Applicant's

---

[1] Applicant does not allege that Goines or any other officer planted the cocaine that he pled guilty to possessing; nor does he otherwise challenge the evidence of his guilt. He alleges only that the statements Goines made in his warrant affidavit were false.

declaration to be credible and that, under the test established by this Court in *Ex parte Coty* and extended in *Ex parte Mathews*, Applicant has raised an inference that the facts alleged in Goines's warrant affidavit are false. 418 S.W.3d 597 (Tex. Crim. App. 2014); 638 S.W.3d 685 (Tex. Crim. App. 2022). Invoking *Ex parte Barnaby*, 475 S.W.3d 316 (Tex. Crim. App. 2015), the convicting court also recommends that this Court find that "Applicant has proven that his guilty plea was involuntary" and that he is entitled to relief on that basis. This Court, apparently endorsing the convicting court's recommended findings of fact and conclusions of law, today grants Applicant relief on the ground that his plea of guilty was involuntary. Majority Opinion at 2.

As I explained in *Ex parte Walker*, it seems possible that Applicant might ultimately be entitled to relief in this situation. *See Ex parte Walker*, ___ S.W.3d ___, Nos. WR-95,387-01 & WR-95,387-02, 2024 WL 4610792, at *2 (Tex. Crim. App. Oct. 30, 2024) (Yeary, J., dissenting). But I remain convinced that the Court has not, with sufficient diligence, explained why *Coty*, *Mathews*, and *Barnaby* apply. In those cases, the applicants alleged that the evidence of their guilt was false. But here, Applicant is not claiming that false evidence of his guilt induced him to plead guilty; instead, he asserts that false statements used to obtain a warrant induced him to forgo a motion to suppress evidence. So, for the same reasons explained in *Ex parte Walker*, I would not grant Applicant relief in this case. *See id.* ("Before granting Applicant relief, the Court should consider whether the *Coty*/*Mathews* inference of falsity and the *Barnaby* standard of materiality ought to apply in circumstances such as these—and if so, how.").

I would file and set this writ to determine whether, and if so, to explain how, *Coty*, *Mathews*, and *Barnaby* ought to apply. Because the Court does not, I respectfully dissent.

**FILED:**                                                December 11, 2024
**DO NOT PUBLISH**